DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRUCE BOOKBINDER<br>Plaintiff | : | |
| v. | : | C.A. No.: |
| FOUNTAIN POWERBOATS, INC.<br>Defendant | : | CA 07 283T |

**COMPLAINT**

1. Plaintiff Bruce Bookbinder ("Bookbinder") is a citizen of the State of Rhode Island and resident of the Town of East Greenwich.

2. Upon information and belief, defendant Fountain Powerboats, Inc. ("Fountain") is a North Carolina corporation with its principal place of business in Washington, North Carolina, and whose activities render it subject to the jurisdiction of this Court. At all times relevant hereto, Fountain was engaged in the manufacture, sale, and distribution of Fountain Powerboats and their associated equipment, hardware, and accessories.

3. The amount in controversy is sufficient to establish the jurisdiction of this Court.

4. Fountain Powerboats holds itself out as a high-end manufacturer of extremely fast boats, and is expert at designing and modifying boats to its customer's unique specifications.

5. Fountain marketed a 38' Sportfish Center Console Open Bow model as being able to reach speeds in excess of 75 mph, and has advertised that the design has set speed records.

6. Bookbinder ordered a 38' Sportfish Center Console Open Bow powerboat ("Boat") with a fourth engine and other customization based on Fountain's purported ability

to manufacture and deliver the vessel that would be both seaworthy and capable of reaching 75 mph. He took delivery of the Boat, Serial Number FGQ8K010I607, on or about September 22, 2006 at Fountain's North Carolina factory.

7. Bookbinder paid in full the sum of $301,618.00 for the Boat, over $50,000 of which represented additional costs associated with the four-engine high-speed customization.

8. This cause of action arises out of Fountain's breach of contract, negligence, breaches of express and implied warranty, violation of statute, and breach of obligation of good faith, as hereinafter set forth.

9. On initial inspection of the boat upon delivery at Fountain's factory, and at other times, Bookbinder documented and informed Fountain about manufacturing defects and other deviations from specifications that caused material damage to the boat and significantly reduced its marketable value. Such defects and deviations included but are not limited to:

a. wrong propeller on second engine on starboard side

b. rear left floor had major gouge in it from factory

c. control arms and bolts that hold engine brackets were all rusting, along with screws that hold rails

d. engines only produced 5,800 rpm, below specifications

e. construction debris was left in bilge, disenabling bilge pumps and causing boat not to drain, such that boat could never fully drain

f. bilge pumps were not hard wired and starboard bilge pump did not work at all, such that boat had over 1,000 gallons of fresh water in hull and numerous items were under water, including but not limited to batteries, coast guard kits, macerator pumps, entire shower room, flares, life jackets, life raft

g. life raft had begun collecting mold after being underwater

h. seats at helm had worn spots at each corner

i. rubber gaskets at hatches were falling off

j. the door to the head was not water-tight

k. the forward refrigerator did not drain

l. the auto-pilot was not set-up and was over 100 degrees off

m. the trailer had damaged the boat by causing scrapes in the hull due to bow pads being incorrectly positioned

n. the paint job was not according to specifications and was applied in such an un-workmanlike manner as to require a complete repainting

10. Upon repeated testing by Bookbinder, the Boat has been unable to exceed 64 mph.

11. The Boat's maximum speed falls far short of the speed attainable by an unmodified, three-engine 38' Sportfish model.

12. Bookbinder has notified Fountain of the defects and damages to the Boat, and has afforded Fountain opportunity to cure the same.

13. Fountain has failed to cure the defects and damages to the Boat.

14. Bookbinder has secured the services of a reputable marine repair facility which has provided an estimate for bringing the boat into conformance with the advertised top speed for approximately $75,000.

<u>COUNT I – BREACH OF CONTRACT</u>

15. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

16. The above defects and damages have been caused by either manufacturing or design defects attributable to Fountain or by installation and/or assembly defects attributable to Fountain.

17. The above defects and damages have materially impaired the value of the Boat to Bookbinder and potential buyers.

<u>COUNT II - NEGLIGENCE</u>

18. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

19. Fountain was negligent in its manufacture, design, and assembly of the Boat and its related components and accessories, in its painting of the Boat, in failing to ensure that the trailer would not damage the hull of the Boat, and in other actions and omissions.

20. Fountain was negligent in failing to ensure that the Boat would attain the advertised speed.

21. Fountain's negligence has proximately caused damages including but not limited to material impairment of the value of the Boat to Bookbinder and potential buyers.

## COUNT III - BREACH OF EXPRESS WARRANTY

22. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

23. Fountain is a merchant under the Uniform Commercial Code as adopted by the State of Rhode Island, as defined at R.I. Gen. Laws. § 6A-2-104.

24. Fountain, to induce said sale, made certain express warranties and representations to Bookbinder, as defined at R.I. Gen. Laws § 6A-2-313. Fountain made express warranties and representations orally and in writing (including but not limited to specification manuals and service contracts) and through Fountain's advertising and conduct (including but not limited to promotional literature and videos). Such express warranties and representations included but are not limited to the following:

a. the Boat would include all options and customizations ordered and paid for by Bookbinder

b. the Boat would attain the asserted speed

25. Fountain's failure to honor its express warranties has proximately caused damages including but not limited to material impairment of the value of the Boat to Bookbinder and potential buyers.

COUNT IV – BREACH OF IMPLIED WARRANTIES

26. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

27. The aforementioned Boat purchased by Bookbinder was subject to implied warranties of merchantability under R.I. Gen. Laws § 6A-2-314. Said implied warranties included but are not limited to the following:

a. the construction, assembly, painting, matching of the Boat to its trailer, factory storage and delivery, and other activities would be performed with a level of workmanship that would pass without objection in the trade under the contract description

b. the manufacture, storage, and delivery of the Boat would render it fit for the ordinary purposes for which such boats are used

c. the Boat was fit for the particular purpose of attaining extremely high speeds for which it was modified with the fourth engine and other customizations

28. Fountain's failure to honor its implied warranties has proximately caused damages including but not limited to material impairment of the value of the Boat to Bookbinder and potential buyers.

COUNT V – MAGNUSON-MOSS WARRANTY ACT

29. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

30. This court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 *et seq*, by virtue of 15 U.S.C. § 2301(d)-(a).

31. Bookbinder is a consumer as defined at 15 U.S.C. § 2301(3).

32. Fountain is a supplier and warrantor as defined at 15 U.S.C. § 2301(4)(5).

33. The Boat is a consumer product as described at 15 U.S.C. § 2301(6).

34. Fountain's express and implied warranties formed part of the basis of the bargain regarding Bookbinder's purchase of the Boat, as described at 15 U.S.C. § 2301(6).

35. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or an implied warranty.

36. Bookbinder has been damaged by Fountain's failure to honor its express and implied warranties and its failure to remedy said failures, as set forth above.

COUNT VI – BREACH OF OBLIGATION OF GOOD FAITH

37. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

38. Fountain was subject by R.I. Gen. Laws § 6A-1-203 to an obligation of good in the performance of its duty to deliver to Bookbinder a boat that was free of defect and damage, and which conformed with all warranties.

39. Fountain's failure to honor its obligation of good faith has proximately caused damages including but not limited to material impairment of the value of the Boat to Bookbinder and potential buyers.

WHEREFORE, Plaintiff demands that he be awarded damages, costs, attorney's fees and interest.

Jury Trial

Plaintiff demands a jury trial.

BRUCE BOOKBINDER
By his Attorney,
Pannone Lopes & Devereaux LLC

William E. O'Gara, Esquire (#4257)
1800 Financial Plaza
Providence, Rhode Island 02903
(401) 824-5117 (telephone)
(401) 824-5123 (facsimile)

Doc #6112